**UNITED STATES of America,**
**Appellee,**

v.

**James HILLIGUS, Defendant,**

**Michael Perkins, Defendant–Appellant.**

**No. 07–3814–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 3, 2008.

Stephen Baczynski, Assistant United States Attorney, and Robert A. Marangola, Assistant United States Attorney, of counsel, on the brief, for Terrance P. Flynn, United States Attorney for the Western District of New York, Rochester, N.Y.

Robin C. Smith, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Michael Perkins appeals from his sentence imposed by the United States District Court for the Western District of New York (Siragusa, *J.*) following his guilty plea to a four-count indictment related to his conspiracy to manufacture, and his actual manufacture, of at least fifty grams of methamphet-

amine. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

On appeal, Perkins presents two claims. He argues first that his sentence is unreasonable because the District Court clearly erred in crediting the testimony of Perkins's co-defendant and cooperating witness James Hilligus over Perkin's own testimony in determining the amount of methamphetamine for which Perkins was responsible. He also contends that he was deprived of effective assistance of counsel because his counsel failed to argue that Hilligus's testimony at the *Fatico* hearing did not sufficiently establish Perkins's responsibility for more than 500 grams of methamphetamine.

In determining the quantity of a controlled substance, a district court has broad discretion to consider all relevant evidence, and its finding need only be supported by a preponderance of the evidence. *United States v. Blount,* 291 F.3d 201, 214, 215 (2d Cir.2002). Credibility determinations are distinctly the province of the district court, and so are deserving of special deference. *United States v. Mendez,* 315 F.3d 132, 135 (2d Cir.2002). On the record presented, the District Court's decision to credit Hilligus's testimony over Perkins's was not in error.

With respect to Perkins's ineffective assistance of counsel claim, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires both (1) that counsel's performance be deficient as measured against an objective standard of reasonableness and (2) that counsel's deficient performance be prejudicial. *Id.* at 687, 688, 104 S.Ct. 2052; *United States v. Finley,* 245 F.3d 199, 204 (2d Cir.2001). Perkins fails to make either showing. His lawyer was vigorous in cross-examining Hilligus, and this performance and submissions to the District Court played a key role in the District Court's decision to sentence Perkins to a below-Guidelines sentence of 192 months.

We have considered all of Appellants' claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.